**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

SECURITIES AND EXCHANGE COMMISSION,

Plaintiff,

v.

NICOLO NOURAFCHAN, ROBERT YADGAROV, MARK ALPERIN, MIAKEL BISHAY, ARYA BOLURFRUSHAN, DAVID BRATSLAVSKY, BRIAN FENSTERSZAUB, MARK FENSTERSZAUB, SIMON FENSTERSZAUB, GABRIEL GERSHOWITZ, FERNANDO GRINBERG, BORUCH HATANIAN, YISROEL HOROWITZ, JOSEPH IZSAK, DANIEL KAVIAN, ELIYAHU KAVIAN, NOWEL MILIK, LORENZO NOURAFCHAN, DAVID OSTROV, GAVRYEL SILVERSTEIN, JOSEPH SUSKIND, and SETH WINSLOW,

Defendants.

**Civil Action No. 26-cv-12068 (LTS)**

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT**

Plaintiff Securities and Exchange Commission ("Commission") respectfully submits this memorandum of law in support of its Motion for Leave to File a Second Amended Complaint, which amendment pertains specifically to Defendant Boruch Hatanian ("Hatanian"). The proposed Second Amended Complaint is attached as Exhibit A to the accompanying motion. Attached as Exhibit B to the motion is a redlined version of the same, showing the changes proposed against the Amended Complaint.

**Procedural Background**

On May 6, 2026, the Commission filed its initial complaint in this matter. *See* Dkt. No. 1. The complaint alleged that Hatanian, among other defendants, violated Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act") and Rule 10b-5 thereunder by engaging in

insider trading. On July 6, 2026, the Commission filed an amended complaint, which added an additional defendant. *See* Dkt. No. 60. To date, consent judgments have been entered against six of the defendants. *See* Dkt. Nos. 8, 9, 11, 56, 63, 81.

On July 15, 2026, the Department of Justice ("DOJ") moved to intervene and for entry of a partial stay, the terms of which had been negotiated and agreed to by the defendants in this case, all of whom are also defendants in parallel criminal cases pending in this District. *See* Dkt. No. 77.[1] The next day, the Court allowed the assented-to motion for partial stay on the terms set forth therein and ordered the parties to file a joint status report regarding the lifting of the partial stay "[w]ithin fourteen days of the completion of the parallel criminal cases." *See* Dkt. No. 78. Among other terms, the agreed partial stay defers defendants' responsive pleading deadline until 60 days from the completion of the parallel criminal cases, and all depositions, interrogatories, and requests for admission are stayed and not permitted, absent further court order upon a party's motion to lift the stay. *See* Dkt. No. 77 at p. 4. The agreed stay also permitted for the filing of a motion to dismiss the Amended Complaint within 45 days of entry of the stay order. *Id*.

On July 29, 2026, Hatanian filed a motion to dismiss the Amended Complaint. *See* Dkt. No. 82. Hatanian contends the Commission's allegations lack sufficient particularity regarding his receipt of material nonpublic information as well as his scienter when successfully trading securities in advance of certain merger and acquisition announcements. For example, Hatanian suggests the Commission's pleading does not adequately provide notice of when he purchased securities of Momentive Global, Inc. ("Momentive"), though such facts are necessarily within his knowledge or possession, and who tipped him material nonpublic information. *See* Dkt. No.

[1] Ten of the defendants in this civil action have pled guilty to securities fraud conspiracy, in violation of 18 U.S.C. § 371, in related parallel criminal cases. Those defendants include Alperin, Bishay, Bolurfrushan, Bratslavsky, Gershowitz, Grinberg, Izsak, D. Kavian, E. Kavian, and Winslow.

83 at p. 5. By agreement of the parties, the Commission's deadline to oppose the motion was extended until August 26, 2026. *See* Dkt. Nos. 85, 87.[2]

While the Amended Complaint is sufficient to satisfy the applicable pleading standards,[3] the Commission seeks leave to amend to add further factual allegations to support its claim against Hatanian and dispense with unnecessary motion practice (or, at a minimum, narrow issues remaining for judicial consideration). Contrary to the rhetoric of his motion to dismiss, Hatanian was not "a half-hearted, late addition" to this case. *See* Dkt. No. 83 at 5. The Commission's proposed amendment provides factual detail regarding not only Hatanian's profitable trading in securities of Momentive based on his receipt of material nonpublic information about the company's pending acquisition (*see* Ex. B. at ¶ 156(h)), but also his securities trading in advance of the public announcement of the merger between iRobot Corp. and Amazon Inc. based on a tip of material nonpublic information from the same source (*see* Ex. B. at ¶¶ 128-131). The Second Amended Complaint contains no new claims; rather, the amendment adds factual allegations to further particularize and support the Commission's original claim against Hatanian.

Commission counsel and Hatanian's counsel have conferred regarding the motion, which is the Commission's first motion for leave to file an amended complaint. The Commission understands Hatanian intends to object to the motion on the purported grounds of prejudice and/or futility. For the reasons set forth below, the Commission respectfully requests the Court's

[2] As noted in the consent motion for extension of time, undersigned counsel was unavailable for several days in the 14-day time period in which the Commission's response was otherwise due under Local Rule 7.1(b)(2).

[3] Consistent with Federal Rule of Civil Procedure 9(b)'s express language, the Commission need only allege Hatanian's scienter generally. *SEC v. Tambone*, 550 F.3d 106, 119 (1st Cir. 2008), *rev'd in part on other grounds*, 597 F.3d 436 (1st Cir. 2010); *see also, e.g., SEC v. Conradt,* 947 F. Supp. 2d 406, 412 (S.D.N.Y. 2013) ("[T]he SEC is not required to show that a remote tippee knew for certain how the initial breach of fiduciary duty occurred, but only that the tipper's conduct raised red flags that confidential information was being transmitted improperly."); *SEC v. McGee*, 895 F. Supp. 2d 669, 683 (E.D. Pa. 2012) (SEC did not need to prove that tippees "knew the insider and had any direct link with him, or that they knew how the breach occurred" (internal citations omitted)).

leave to file the attached proposed Second Amended Complaint – leave that is to be "freely give[n] … when justice so requires." Fed. R. Civ. P. 15(a)(2).

**Argument**

The Federal Rules of Civil Procedure embody a liberal policy in favor of allowing amendments to pleadings. Specifically, Rule 15(a)(2) provides that courts "should freely give leave [to amend] when justice so requires." As the Supreme Court has instructed, "this mandate is to be heeded." *Foman v. Davis*, 371 U.S. 178, 182 (1962). In applying *Foman*, the First Circuit has consistently held that the district court's decision to grant a motion to amend "will be left untouched" so long as "the record evinces an arguably adequate basis for the court's decision." *Juarez v. Select Portfolio Servicing, Inc.*, 708 F.3d 269, 276 (1st Cir. 2013) (quoting *Hatch v. Dep't for Children, Youth and Their Families*, 274 F.3d 12, 19 (1st Cir. 2001)). Courts typically grant leave to amend under Rule 15(a) unless the party seeking to amend has engaged in "undue delay, bad faith, or dilatory motive," the requested amendment would impose "undue prejudice [on] the opposing party," or the amendment would be futile. *See Hogan v. InStore Group, LLC*, 512 F. Supp. 3d 157, 168 (D. Mass. 2021) (quoting *ACA Fin. Guar. Corp. v. Advest, Inc.*, 512 F.3d 46, 55 (1st Cir. 2008) (allowing motion to amend complaint to change claims and add class plaintiff even after discovery had closed)).

Accordingly, courts in this Circuit have granted leave to amend the pleadings at various stages of litigation. *See, e.g., Klunder v. Brown Univ.*, 778 F.3d 24, 34 (1st Cir. 2015) (upholding lower court's decision to allow defendant to amend answer to add statute of limitations defense); *Hickman v. Roe*, No. 16-cv-30186-MGM, 2018 WL 10715423, at *3 (D. Mass. Mar. 17, 2018) (allowing plaintiff's motion for leave to amend, noting it was "Plaintiff's first request for leave to amend" and that "Plaintiff's motion for leave to amend was filed within a reasonable time");

*Largesse v. H&M Intern. Transp., Inc.*, 76 F. Supp. 3d 360, 362 (D. Mass. 2015) (permitting plaintiff to amend complaint to add additional claims two and a half months after defendants moved to dismiss). Indeed, it is a "rare event" when leave to file an amended complaint should be denied. *Ricciuti v. N.Y.C. Transit Authority*, 941 F. 2d 119, 123 (2d Cir. 1991) (remanding after finding district court erred in refusing to permit plaintiffs to file amended complaint).

Because the proposed Second Amended Complaint describes the same series of events that formed the basis of the Commission's original complaint, because the claims for relief are the same, and because allowing the proposed amendment will not result in new issues being injected into the case, neither Hatanian nor any other defendant will suffer undue prejudice if the Commission is permitted to amend. The Commission's assertion of additional facts in support of its claim against Hatanian will not require him to expend additional resources to conduct discovery and prepare for trial, nor will it significantly delay the resolution of this dispute. Discovery has not yet begun. Indeed, the case is partially stayed and defendants' responsive pleadings are not due until 60 days after completion of the parallel criminal cases. *Compare U.S. ex rel. Gagne v. City of Worcester*, 565 F.3d 40, 48 (1st Cir. 2009) (affirming district court's denial of plaintiff's third motion to amend complaint to add factual allegations over the course of more than two years); *Wiggen v. Joint Resources, Inc.*, 2016 WL 11702538, at *3 (N.D. Ill. Nov. 12, 2016) (noting "the general burden of litigation" does not amount to undue prejudice).

Likewise, the Commission's motion is timely. The Commission acted promptly in moving to amend to plead its claims against Hatanian with further particularity to address issues raised by his motion to dismiss. The case is in its early stages. Hatanian has not answered the complaint. There has been no discovery and no scheduling conference or order, and thus no deadline set for the amendment of pleadings. Rather, the case is partially stayed pending the

resolution of parallel criminal matters involving the same defendants, including Hatanian. Nothing in the proposed Second Amended Complaint precludes Hatanian from preparing his defense. *See, e.g., Weinreich v. Brooks*, No. 21-cv-10496-NMG, 2021 WL 5827765, *2-3 (D. Mass. Dec. 7, 2021) (allowing motion to amend filed 20 months after filing original complaint when case was in "nascent stages").

Thus, there is no bad faith or improper motive in the Commission's motion for leave to amend. The Commission's motion is not interposed for purposes of delaying this action. Rather, the Commission files this motion so that the operative pleading better reflects Hatanian's alleged misconduct, and so that the Court has before it a more fulsome statement of the allegations upon which the Commission's claims are premised.

Finally, the Commission's amendment is not futile because the proposed Second Amended Complaint provides additional factual support for the Commission's well-pled allegations about Hatanian's unlawful trading and the basis for the Commission's claim that he acted with a culpable state of mind in violating Section 10(b) of the Exchange Act and Rule 10b-5 thereunder.

In sum, the Commission should be granted leave to file the proposed Second Amended Complaint, which adds additional particularized detail in support of the same claims for relief based on the same conduct alleged in the Amended Complaint and thus works no undue prejudice to defendant Hatanian or any other defendant. The Commission and the public have a valid interest in the enforcement of the provisions of the federal securities laws, such that the proposed amendment is important to the proper determination of the merits of the dispute and furthers the interest of justice.

**Conclusion**

For the foregoing reasons, the Commission respectfully requests that the Court grant its motion for leave to file the Second Amended Complaint submitted herewith.

Dated: August 26, 2026

By: */s/ Rua M. Kelly*

Rua M. Kelly (Mass. Bar No. 643351)
U.S. Securities and Exchange Commission
Boston Regional Office
33 Arch Street, 24th Floor
Boston, MA 02110
Kelly direct: (617)-573-8941
Email: kellyru@sec.gov

**CERTIFICATE OF SERVICE**

I hereby certify that, on August 26, 2026, a true and correct copy of the foregoing document was filed through the Court's CM/ECF system, and accordingly, the document will be sent electronically to all participants registered to receive electronic notices in this case. I further certify that a copy of the foregoing will be served by e-mail or U.S. mail to any defendants not registered in the Court's CM/ECF system to receive electronic notices in this case.

*/s/ Rua M. Kelly*